UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE BERRY,

    Plaintiff,

Case No. 13-11725

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

v.

EDWARD FRANK USEWICK, III,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [15]**

Plaintiff filed his pro se Complaint [1] on April 17, 2013. On November 14, 2013, the Court entered a Default Judgment [10] against Defendant. On January 23, 2014, Defendant filed a Motion to Set Aside Default Judgment [11]. In this motion, Defendant construed Plaintiff's claims as arising under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 96 et. seq. Defendant argued that if the default judgment were set aside, he would be able to present a meritorious defense to Plaintiff's civil RICO claim: namely, that it was barred by the applicable statute of limitations. On September 9, 2014, the Court issued an Order [13] setting aside the default judgment and reopening the case. On

1

September 26, 2014, Defendant filed an Answer [14] and a Motion to Dismiss [15]. Plaintiff has filed no response to the motion.

Curiously, Defendant's Motion to Dismiss does not present the statute of limitations defense to Plaintiff's civil RICO claim that Defendant promised in his Motion to Set Aside Default Judgment [11]. In fact, Defendant's motion presumes that Plaintiff has made no civil RICO claim at all. Defendant asserts that Plaintiff only advances claims under 18 U.S.C. § 1021 and § 1028, which are criminal statutes that provide no private cause of action and concern matters unrelated to Plaintiff's allegations. Defendant is correct that Plaintiff's claim cannot proceed under those statutes. However, as Defendant himself previously recognized, Plaintiff has sufficiently pled a civil RICO claim.[1]

Defendant also asks the Court to dismiss this case for lack of subject-matter jurisdiction and asserts that "Plaintiff has stated no grounds for invoking federal jurisdiction." However, since Plaintiff's civil RICO claim arises under a federal statute, it plainly establishes a basis for federal subject-matter jurisdiction. 28 U.S.C. § 1331.

---

[1] The Court may have reached a different conclusion if Plaintiff was represented by an attorney, but "pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Finally, Defendant asks the Court to dismiss the case for Plaintiff's failure to state a claim upon which relief can be granted. According to Defendant, Plaintiff "erroneously alleges that the vehicle at issue was titled to Defendant Usewick or that Defendant Usewick had any personal involvement in this matter." However, in reviewing whether a plaintiff has stated a claim upon which relief can be granted, the Court must accept the plaintiff's factual allegations as true. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Defendant's factual disputes with Plaintiff cannot show that Plaintiff has failed to state a claim upon which relief can be granted.

The Court is perplexed by Defendant's failure to advance the statute of limitations defense it promised. Until Defendant properly advances the argument, the Court will not address it. *Cf. Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Since [the statute of limitations] is a waivable defense, it ordinarily is error for a district court to raise the issue *sua sponte*.") (citing *Davis v. Bryan,* 810 F.2d 42, 44 (2d Cir. 1987)). The other arguments Defendant has raised in favor of dismissal are meritless. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [15] is **DENIED**.

**SO ORDERED**.

|  |  |
|---|---|
| | s/Arthur J. Tarnow |
| | Arthur J. Tarnow |
| Dated: August 4, 2015 | Senior United States District Judge |